USCA1 Opinion

 

 March 23, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1924 ROBERT P. LENA, Plaintiff, Appellant, v. LARRY E. DUBOIS, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Nathaniel M. Gorton, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Torruella and Selya, Circuit Judges. ______________ ____________________ Robert P. Lena on brief pro se. ______________ Nancy Ankers White, Special Assistant Attorney General, and ____________________ Charles M. Wyzanski, Senior Litigation Counsel, Department of _____________________ Correction, on brief for appellees. ____________________ ____________________ Per Curiam. Plaintiff Robert Lena, an inmate at the __________ Norfolk Correctional Institution in Massachusetts, challenges the constitutionality of prison rules barring the receipt of publications, ordered through the mail, that have not been paid for in advance. See 103 NOR 403.25 ("All orders must ___ be pre-paid. Any order arriving with a balance due will be returned to the company."). Below, plaintiff advanced two claims: (1) that this policy abridged his rights under the First Amendment; and (2) that prison officials violated his due process rights by failing to follow applicable procedures, see 103 CMR 481.16, prior to returning a "bill ___ later" book he had ordered. As plaintiff has offered no sustained argumentation on appeal in support of either of these claims, we affirm largely for the reasons recited by the Magistrate-Judge in her decision dated July 16, 1993. We note only the following. With respect to plaintiff's First Amendment claim, it is clear that the restriction on "bill later" materials is "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987); see Thornburgh v. ______ ______ ___ __________ Abbott, 490 U.S. 401, 413 (1989) (prison restrictions on ______ incoming correspondence are to be assessed under Turner ______ test). The superintendent here explained that the pre- payment requirement was implemented in order to prevent inmates from committing fraud on businesses and obligating funds beyond their means. Contrary to plaintiff's contention, the legitimacy of these justifications "cannot seriously be questioned." Rodriguez v. James, 823 F.2d 8, 12 _________ _____ (2d Cir. 1987). Applying the four criteria enumerated in Turner, see 482 U.S. at 89-91, other courts have uniformly ______ ___ upheld restrictions similar to that involved here on First Amendment grounds. See, e.g., Rodriguez, supra (rule ___ ____ _________ _____ requiring that all outgoing mail addressed to commercial entities be submitted in unsealed form for inspection, to ensure that all items ordered have been prepaid); Theriault _________ v. Magnusson, 698 F. Supp. 369, 371-72 (D. Me. 1988) (rule _________ requiring that all outgoing correspondence be placed in envelopes embossed with prison legend to deter fraud on businesses); Gardner v. Dalimonte, 1991 WL 71034 (Magis. W.D. _______ _________ Mich. 1991) (ban on book-club memberships); see also Eckford- ________ ________ El v. Toombs, 760 F. Supp. 1267, 1271 (W.D. Mich. 1991) __ ______ ("Prison officials are justified in forbidding inmates from entering into certain kinds of credit arrangements.") (dicta). With respect to plaintiff's due process claim, we need not decide whether the pertinent state regulations suffice to establish a property or liberty interest. It is in any event clear that plaintiff received all the process that was due. The fact that he was not provided with prompt, written notice of the book's return, as required by the regulations, is -3- without consequence. Plaintiff was eventually so notified and was able to pursue an appropriate appeal to the superintendent. In Procunier v. Martinez, 416 U.S. 396 _________ ________ (1974), the Court upheld restrictions on incoming mail that required "that an inmate be notified of the rejection ..., that [he] ... be given a reasonable opportunity to protest that decision, and that complaints be referred to a prison official other than the person who originally disapproved the correspondence." Id. at 418-19. Each of these safeguards ___ was observed here. Contrary to plaintiff's contention, the prison regulations did not require a hearing prior to the book's return. Plaintiff's central argument on appeal consists of an equal protection claim that was not presented below. "[T]heories not raised squarely in the district court cannot be surfaced for the first time on appeal." McCoy v. _____ Massachusetts Institute of Technology, 950 F.2d 13, 22 (1st ______________________________________ Cir. 1991), cert. denied, 112 S. Ct. 1939 (1992). We find ____________ the claim of dubious merit in any event. Affirmed. _________ -4-